IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:08-cv-00346-D

| | |
|---|---|
| SARAH E. ATWELL, | ) |
| Plaintiff, | ) **DEFENDANT WOO YOUNG** |
| v. | ) **MEDICAL CO., LTD.'S** |
| | ) **MEMORANDUM OF LAW IN** |
| MCKINLEY MEDICAL, L.L.C.; | ) **SUPPORT OF MOTION TO** |
| MOOG, INC.; CURLIN MEDICAL, | ) **EXCLUDE REPORTS AND BAR** |
| INC.; THE BROE COMPANIES, INC.; | ) **TESTIMONY OF MARIA VARGAS** |
| PAT BROE; WOO YOUNG MEDICAL, | ) **AND GARY ALBRECHT** |
| CO., LTD, | ) |
| Defendants. | ) |

COMES NOW Defendant Woo Young Medical Co., Ltd (hereinafter "Woo Young Medical"), by and through its undersigned counsel, and respectfully submits this Memorandum of Law in Support of its Motion to Exclude Reports and Bar Testimony of both Maria Vargas and Gary Albrecht.

I.     **INTRODUCTION**

Plaintiff has identified Maria Vargas, MS, CRC, CLCP ("Vargas") and Gary Albrecht, Ph.D. ("Albrecht") to provide expert opinions as to Plaintiff Sarah Atwell's ("Atwell") earning capacity and projected future expenses. However, Plaintiff cannot show that the reports of Vargas and Albrecht are admissible under Federal Rule of Evidence 702 or the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). For these reasons, the reports of Vargas and Albrecht should be excluded. For the same reasons, Plaintiff cannot establish the admissibility of the testimony of either Vargas or Albrecht and, therefore, the trial testimony of each of them should be barred.

1

II.   ARGUMENT

   A. *Daubert* **Standard for The Admissibility of Expert Testimony.**

   Federal Rule of Evidence 702 provides:

   A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue:
   (b) the testimony is based on sufficient facts or data;
   (c) the testimony is the product of reliable principles and methods; and
   (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Federal Rule of Evidence 702, expert testimony must be both relevant and reliable. *Daubert,* 509 U.S. at 589. Under Rule 702, the adjective "scientific" implies a grounding in the methods and procedures of science. *Daubert*, 509 U.S. at 590. The word "knowledge" "connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. The court's gatekeeping duty under Rule 702 is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practices of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. *Daubert* aims to prevent expert speculation. *Bryte ex rel. Bryte v. American Household, Inc.*, 429 F.3d 469, 477 (4th Cir. 2005).

*Daubert* requires a two-part analysis to determine whether proposed expert testimony is admissible. First, the court must determine whether the expert's testimony is grounded in the scientific method and reflects scientific knowledge. *Daubert,* 509 U.S. at 590, 593. Second, the court must determine whether the evidence proffered is relevant. *Id.* at 597. The Court's "task, then, is to analyze not what the experts say, but what basis they have for saying it." *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 603 (9th Cir. 2010) (quoting *Daubert II*, 43 F.3d 1311, 1316

2

(9th Cir. 1995). "[W]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, ... the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S. at 149. The relevance and reliability requirements of Rule 702 apply to all expert testimony. *See Kumho Tire*, 526 U.S. at 141, 147. The party offering the evidence bears the burden to prove admissibility. *Daubert*, 509 U.S. at 593, n.10. Applying these well-settled principles should lead the Court to preclude Plaintiff's experts Albrecht and Vargas from offering opinions as to Atwell's earning capacity and projected future expenses.

**B. Any Testimony of Vargas along with the Vargas' Report Should Be Excluded because it is Speculative and Based on Conjecture.**

This Court should bar the testimony and exclude the report of Plaintiff's expert Maria Vargas because any testimony as well as the report would be speculative and based on mere conjecture. Expert testimony cannot be submitted to the jury unless it is accompanied by sufficient factual foundation. *McMillian v. Weeks Marine, Inc.*, 478 F.Supp.2d 651, 657 (D.Del. 2007) (granting defendant's motion to vacate award of past and future lost earnings because the court improperly allowed plaintiff's expert to testify as to these damages). Although mathematical exactness is not required, testimony of post-injury earning capacity must be based upon the proper factual foundation. *Id.* Further, an expert's testimony should be excluded as speculative if it is based on unrealistic assumptions regarding the plaintiff's future employment prospects. *Id. See also Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549 (D.C. Cir. 1993) (reversing the jury's damage award and remanding for a retrial on damages because the trial court should have excluded plaintiff's expert's testimony concerning the plaintiff's decedent's lost income because it was "based solely on guesswork, speculation, and conjecture").

In her first report dated August 26, 2009, Vargas provides a "Life Care Plan and Earning

3

Capacity Assessment" for Atwell. (**Exhibit 1**). Vargas stated that she spoke with Atwell, when creating the Life Care Plan leading to the initial problem that any "opinions" would be based upon hearsay and not scientifically acceptable data. (Exhibit 1). Vargas opines as to Atwell's vocational future, specifically opining as to what Atwell would have made as a teacher "if she had continued with her vocational plan." (Exhibit 1 at p. 3). Vargas also opines that "Plaintiff had planned to continue her education and become a teacher. She has been unable to continue her education due to her exhaustion and pain issues." (Exhibit 1 at p. 1). Vargas speculates that had it not been for Atwell's disability, she would have continued her education and would be earning $34,362 as a new teacher. (Exhibit 1 at p. 3). Vargas next describes Atwell's "medical overview" and future medical needs, without noting if she referred to any medical records or had any discussions with Atwell's doctors. Exhibit 1, p. 4-5). She further lists Atwell's physical limitations based on her discussion with Atwell, and lists all of Atwell's future medical needs based on a phone call with Dr. Basamania. (Exhibit 1, p. 4-6).

Because Vargas' Life Care Plan is contingent upon future events, unsubstantiated hearsay, and speculative choices (i.e. whether Atwell has surgery and whether it is successful and whether she would have continued on to graduate and become a teacher), the entire plan must be called into question as speculative and unreliable. Further, Vargas' report does not have a sufficient factual foundation to be admissible. Vargas makes many unrealistic assumptions in order to come to her conclusions. Specifically, she assumes that, but for Atwell's alleged disability, Atwell would have completed teaching school, that she would have done well in school, that she would have obtained a job as a teacher in Wake County Schools upon graduating, and that she would have earned a starting salary of $34,362 a year in that job. Vargas cannot accurately predict that Atwell would have satisfied all of these prerequisites or

4

how much Atwell would earn as a teacher, even if she did. Vargas also bases her conclusions on her assumption that Atwell will remain in the Wake County Schools area and obtain the average salaries for new teachers in that region when there is no evidence that Atwell would do so. If Atwell relocated to any other area, Atwell's potential earnings would likely change, exposing only one of the many flaws in Vargas' report.

Vargas also opines that Atwell will have many more surgeries in the future and estimates the expected costs of these surgeries. (Exhibit 1). However, Vargas provides no support whatsoever for these estimates except for a phone conversation with a doctor. Similarly, Vargas opines that Atwell will need various medical supplies, medication and equipment for the remainder of her life. (Exhibit 1). Vargas makes more unsupported assumptions as to the amount and frequency with which Atwell will require these supplies, medication and equipment and the costs associated therewith. (Exhibit 1). Vargas further assumes that Atwell will need these supplies, equipment and medications at the same frequency and in the same amounts throughout her life, without considering whether future surgeries or treatment could alleviate Atwell's need for these supplies and medications. Because Vargas' report is <u>not</u> based on "more than subjective belief or unsupported speculation," (*Daubert,* 509 U.S. at 590), it must be excluded. For these reasons and for those set forth in Defendant's Memorandum of Law in Support of its Motion to Exclude Plaintiff's General Causation Experts, DE # 232, which is incorporated herein by reference, Vargas is not qualified to testify as to the cause of Atwell's alleged injuries or that her injuries or disability were caused by the insertion of a pain pump. Thus, Vargas' entire report should be excluded and she should be barred as an expert witness. Minimally, any and all of Vargas' conclusions as to the cause of Atwell's alleged injuries and/or disability must be excluded under Rule 702 and *Daubert*.

Vargas' Report Addendum dated June 3, 2011, suffers from many of the same deficiencies as her initial report and should also be excluded. In the Addendum, Vargas explained that Atwell has remained the same since her surgery. (**Exhibit 2**). According to Vargas, Atwell was laid off from her position as a Health Room Assistant and is now working at a Hallmark store 10-14 hours per week. (Exhibit 2). Nothing in the Addendum modifies or adds to Vargas' opinion. All the Addendum includes is a current update based on a conversation Vargas had with Atwell.

Both of Vargas' reports are based on speculation and conjecture and should be excluded under Federal Rule of Evidence 702 and *Daubert*. Under the same analysis, her testimony as an expert witness in the matter should be barred.

### C. Any Testimony of Albrecht along with the Albrecht's Report Should Be Excluded because it is Speculative and Based Entirely on Vargas' Report.

Any trial testimony as an expert witness by Gary Albrecht should be barred for reasons set forth in the remainder of this memorandum. In addition, the report of Gary Albrecht, offered by Plaintiff, should also be excluded. (**Exhibit 3**). First, Albrecht's report is based almost entirely on the Life Care Plan for Atwell prepared by Vargas dated August 26, 2009. As discussed above, this Court should exclude the Vargas' reports because they are speculative and based solely on conjecture. If this Court excludes the Vargas' reports, the Albrecht Report must fall and be excluded because it relies solely on Vargas' reports for the factual basis of its conclusions.

Second, Albrecht's report should be excluded because, similar to Vargas' reports, it is similarly based only on speculation and conjecture. Albrecht's report is based solely on Vargas' initial report from January 2010, tax returns for 2005 and 2006, a questionnaire completed by Atwell, and unemployment statistics. (Exhibit 3 at p. 1). That said, Albrecht notes that " I have

relied upon Ms. Vargas' opinion with regard to Mrs. Atwell's pre-and post-surgery employment capabilities." (Exhibit 3 at p. 1). Albrecht did not update or supplement his report based on Vargas' June 3, 2011 Addendum. Thus, Albrecht's report is fatally flawed.

Further, by relying on Vargas' report, Albrecht's report suffers from the same speculation and conjecture as Vargas' reports, rendering his report unreliable and fatally flawed and making his trial testimony as a retained expert inadmissible under Rule 702 and *Daubert*. Albrecht also relies on Vargas' opinions as to Atwell's pre-injury employment capabilities and that Atwell would have become a school teacher. (Exhibit 3). He further relies on Vargas' report of Mrs. Atwell's current wages. (Exhibit 3). Building upon the conjecture in Vargas' report, Albrecht then extrapolates as to Atwell's future earning capacity and probability of being able to work. (Exhibit 3). Albrecht further assumes that Atwell would have remained in the same employment field and in the same position until she was 57 years of age and would have continued to be promoted and have increased benefits without any support for such an assumption. Accordingly, Albrecht's report, based solely on speculation and conjecture, fails to meet the requirements of *Daubert* and Rule 702 and should be excluded. For the same reasons, his trial testimony should be barred.

### III. CONCLUSION

Defendant Woo Young Medical, Co., Ltd.'s moves to exclude the reports of Maria Vargas and Gary Albrecht and moves to bar their trial testimony under Rule 702 and the principles set forth in *Daubert* and *Kumho Tire Co.* because their opinions are speculative and unreliable.

This the 27th day of June, 2012.

                                      /s/Richard T. Boyette
                                      /s/Meghan N. Knight
                                      Attorneys for Defendant Woo Young Medical, Co., Ltd.
                                      Cranfill Sumner & Hartzog LLP
                                      Post Office Box 27808
                                      Raleigh, North Carolina 27611-7808
                                      Telephone: (919) 828-5100
                                      Facsimile: (919) 828-2277
                                      E-mail: rtb@cshlaw.com
                                      E-mail: mknight@cshlaw.com
                                      NC State Bar No. 7623
                                      NC State Bar No. 35384

*Of Counsel*

                                      Margaret Fitzsimmons (IL State Bar No. 6292813)
                                      Charles Cole (IL State Bar No. 0482285)
                                      Richard Juarez (IL State Bar No. 6211253)
                                      Attorneys for Defendant Woo Young Medical, Co., Ltd.
                                      Schuyler Roche & Chrisham PC
                                      130 E. Randolph, Suite 3800
                                      Chicago, Illinois 60601
                                      Telephone: (312) 565-2400
                                      Facsimile: (312) 565-8300

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:08-cv-00346-D

| | |
|---|---|
| SARAH E. ATWELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| | ) **CERTIFICATE OF SERVICE** |
| McKINLEY MEDICAL L.L.C.; MOOG, INC.; | ) |
| CURLIN MEDICAL, INC.; THE BROE | ) |
| COMPANIES, INC.; PAT BROE; WOO YOUNG | ) |
| MEDICAL, CO., LTD., | ) |
| | ) |
| Defendants. | ) |

    This is to certify that on June 27, 2012, I electronically filed the foregoing **DEFENDANT WOO YOUNG MEDICAL CO., LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF MARIA VARGAS AND GARY ALBRECHT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Earnest Franklin Woodson
Matthew E. Munson
Ted G. Meadows
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

H. Forest Horne, Jr.
Martin & Jones
410 Glenwood Avenue Suite 200
Raleigh, NC 27603

Laura B Kalur
Kalur Law Office
9755 SW Barnes Road Suite 450
Portland, OR 97225-6681

Michael L. Williams
Leslie W. O'Leary
Thomas B Powers
Heather A. Brann
Williams Love O'Leary & Powers, PC
9755 SW Barnes Rd., Suite 450
Portland, OR 97225

Respectfully submitted,

/s/Richard T. Boyette
Attorneys for Defendant Woo Young Medical, Co., Ltd.
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
E-mail: rtb@cshlaw.com
NC State Bar No. 7623